UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EVANDER HOLYFIELD,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-06-1105 |
| § | |
| **DON KING PRODUCTIONS INC.,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court in this breach of contract case is Defendant's motion to dismiss on the ground of improper venue. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 6, should be and hereby is **GRANTED**.

Defendant points out that the contract that gives rise to this case contains a forum selection clause, which reads as follows:

> Forum Selection/Governing Law. Fighter irrevocably submits to the jurisdiction of the United States District Court, Southern District of New York ("New York Federal Court") over any action or proceeding arising out of or relating to this Agreement and hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined only in such New York Federal Court. Alternatively, if the New York Federal Court shall not have jurisdiction over the subject matter of the action or proceeding, then the action or proceeding may be brought in any State Court of New York in New York County having jurisdiction over the subject matter ("New York State Court"), and Fighter hereby irrevocably submits to the jurisdiction of the New York State Court. . . . Fighter further waives any objection to venue in such New York Federal Court or New York State Court and any objection to any action or proceeding in such New York Federal Court or New York State Court on the basis of forum non conveniens. . . . [F]ighter further agrees that any such action or proceeding brought hereunder shall be brought only in a New York Federal Court or New York State Court. . . . This agreement shall be governed, construed and enforced in accordance with the

1

>substantive law of contracts of the State of New York and without regard to New York choice of law principles or conflicts of law principles.

(Def.'s Mot. to Dismiss, Ex. A, at 1-2 ¶ 18.)

A mandatory forum-selection clause is *prima facie* valid and enforceable, absent a showing of unreasonableness under the circumstances, and is interpreted according to federal law. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Haynsworth v. The Corporation*, 121 F.3d 956, 961-62 (5th Cir. 1997); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996). "One way to show a clause unreasonable is if enforcement of the forum selection clause at issue 'would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'" *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 219 (5th Cir. 2004) (quoting *Bremen*, 407 U.S. at 15). "But the party resisting the clause must meet a 'heavy burden of proof.'" *Id.* (quoting *Bremen*, 407 U.S. at 17).

Here, Plaintiff argues that enforcement of the forum selection clause would violate the strong public policy of the State of New York, which is the forum specified in the clause. The *Bremen* Court held, however, that it is the public policy of the forum "in which suit is *brought*," 407 U.S. at 15 (emphasis added), that is determinative. Texas public policy favors the enforcement of forum selection clauses, *Haynsworth*, 121 F.3d at 965-69, and so, for that matter, does New York public policy, at least in cases with some nexus to New York, *Nat'l Union Fire Ins. Co. v. Worley*, 690 N.Y.S.2d 57 (N.Y. App. Div. 1999). Here, the contract between the parties resulted in a boxing match held in New York City, and Defendant has asserted – and Plaintiff has not disputed – that Plaintiff's medical and administrative suspensions by the New York State Athletic Commission will be relevant to the resolution of this case. Accordingly, the Court finds

that the forum selection clause is enforceable and reasonable. Defendant's motion to dismiss is therefore **GRANTED** and this case **DISMISSED WITHOUT PREJUDICE TO REFILING** in a New York state or federal court.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 13th day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**